**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000494
08-MAR-2024
09:44 AM
Dkt. 92 SO**

NO. CAAP-22-0000494

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

K.K., Plaintiff-Appellant,
v.
R.K., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(CASE NO. 3UJ211000002)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Self-represented Plaintiff-Appellant K.K. (**father**)
appeals from the Order Upon Hearing of February 22, 2022
(**Dismissal Order**) entered by the Family Court of the Third
Circuit (**family court**) on May 3, 2022.[1]

Father raises nine points of error on appeal.  Upon
careful review of the record and the briefs submitted by the

---

[1]     The Honorable Jeffrey W. Ng presided.

parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we address father's points of error as follows:[2]

(1) Father's jurisdictional arguments, raised in points of error 4, 5, 8, and 9, lack merit. "A family court's decision to decline jurisdiction is reviewed for abuse of discretion." NB v. GA, 133 Hawaiʻi 436, 444, 329 P.3d 341, 349 (App. 2014) (citation omitted). From what we are able to discern, father contends that the family court erred in: "failing to assert jurisdiction because a significant connection existed between [father], the [child], and Hawaiʻi, and no other grounds existed for the family court to relinquish jurisdiction to the New Hampshire Court"; "failing to consider that an emergency jurisdiction matter should have existed rather than permitting New Hampshire to establish jurisdiction with [Defendant-Appellee R.K.'s (**mother**)] fraudulent and unfounded claims of abuse"; "finding that New Hampshire would be a more convenient forum"; and "refusing to allow [father] to testify

_____

[2]    At the outset, we note that father's opening brief does not meet the requirements of Hawaiʻi Rules of Appellate Procedure Rule 28(b). Among other things, it fails to cite appropriately to both the record and legal authority. Given father's self-represented status, we will address his arguments on appeal to the extent that they can reasonably be discerned. Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

We further note that father's opening brief sets forth a total of nine points of error, including two that are both numbered as point of error (3). We have renumbered father's points of error for clarity.

regarding matters relevant to whether New Hampshire was an inconvenient forum."

As the record reflects, mother and child moved from Hawai'i to New Hampshire in September 2021, and established residency in New Hampshire. Father and mother mutually agreed to dismiss all of their pending Hawai'i family court cases; the family court dismissed these cases between February and May 2022.[3] Father subsequently filed a complaint for divorce, in June 2022, which was docketed as 3FDV-22-0000573. Mother moved to dismiss 3FDV-22-0000573. Mother contended that New Hampshire had jurisdiction over the matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (**UCCJEA**) because, at the time father filed his complaint in 3FDV-22-0000573, she and child had been residing in New Hampshire for more than six months. The family court granted mother's motion to dismiss, after taking judicial notice of the New Hampshire, Merrimack County family court's Order on Jurisdiction in Case No. 637-2022-DM-00095, dated November 15, 2022. The New Hampshire family court asserted jurisdiction over the matter, based on its

---

[3] The family court dismissed the following cases that were pending before it, based on the parties' mutual agreement:
1. 3UJ211000002, petition for custody filed by father in September 2021;
2. 3DA211000521, petition for temporary restraining order (**TRO**) filed by father in September 2021;
3. 3DV211000230, complaint for divorce filed by mother in October 2021; and
4. 3DA2210000125, second petition for TRO filed by father in March 2022.

finding that "[the child] has resided continuously in the State of New Hampshire for more than one year making New Hampshire the only state permitted to make an initial child custody determination under the UCCJEA."

We conclude, on this record, that the family court did not err in declining jurisdiction over this matter.

(2) Father's contentions, raised in points of error 1, 6, and 7, lack merit. "Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." In re Doe, 95 Hawaiʻi 183, 189, 20 P.3d 616, 622 (2001) (cleaned up). Father contends on appeal that the family court erred in: "implementing Federal UCCJEA enforcement measures regarding the [child's] parental abduction from the State of Hawaii"; "failing to consider that [father] had not signed the stipulation [dated] 05/06/2022" and "dismiss[ing] the UCCJEA absent (ex parte) the presence of the petitioner"; and "failing to take into account a violation by [mother] of the 'Clean Hands' section of the 1997 [UCCJEA][.]"

The record reflects that the family court dismissed the UCCJEA case after the parties informed the family court, on the record, that they had mutually agreed to dismiss the pending Hawaiʻi divorce and custody cases and would be taking part in mediation. See supra note 3. Father points to no evidence or

authority to support his contention, in his opening brief, that he signed the stipulation to dismiss the cases "under coercion or duress[.]" Based on the parties' agreement to dismiss the Hawaiʻi family court cases, the family court did not address father's UCCJEA claims, nor did it take any "enforcement measures" pursuant to the UCCJEA. The family court did not abuse its discretion in its actions in this regard.

(3) Father's contentions that the family court abused its discretion, as set forth in points of error 2 and 3, lack merit. Father contends that the family court abused its discretion: "by not allowing any type of evidence or procedure to be pursued substantively or materially" with regard to his April 2022 Motion for Return of Minor Child to the State of Hawaiʻi; and in denying his motion to "remove [opposing counsel's] firm from all matters due to a conflict of interest[.]"

With regard to point of error 2, the record reflects that the family court had dismissed all of the parties' pending cases, pursuant to the parties' mutual agreement, prior to any evidentiary hearing being held on father's April 2022 motion. Moreover, with regard to point of error 3, the record reflects that father had agreed to dismiss the pending family court cases prior to filing his Motion to Remove Counsel. Father's contentions thus lack merit.

For the foregoing reasons, we affirm the family court's dismissal order.

DATED:  Honolulu, Hawaiʻi, March 8, 2024.

On the briefs:

K.K., self-represented,
Plaintiff-Appellant.

William Dean,
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge